Kristin A. Zilberstein (SBN 47798)
THE LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Office: (949) 427-2010  ext. 1010
Fax:  (949) 427-2732
Email: kzilberstein@ghidottilaw.com

Counsel for
Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Owner Trustee of the
Residential Credit Opportunities Trust V, its successors and/or assignees

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON  - TACOMA DIVISION

| | |
|---|---|
| In Re:<br><br>James Michael Greiner,<br><br>Debtors. | Case No.: 18-43364-MJH<br><br>CHAPTER 13<br><br>**OBJECTION TO CHAPTER 13 PLAN** |

TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:

   Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Owner Trustee of the

Residential Credit Opportunities Trust V, its successors and/or assignees, ("Secured Creditor")

in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to

Confirmation of the Chapter 13 Plan proposed by ("Debtor") James Michael Greiner.

       Secured Creditor is entitled to receive payments pursuant to a Promissory Note which

matures on 12/1/2039 and is secured by a Deed of Trust on the subject property commonly known

as 13506 215th Avenue East, Bonney Lake, WA 98391. As of 10/3/2018, the approximate amount in default was $124,893.65, as will be described in a Proof of Claim; Secured Creditor files this Objection to protect its interests.

## ARGUMENT

Under 11 U.S.C. §1325, the provisions for plan confirmation in a Chapter 13 have been set. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

### A. THE CASE WAS FILED IN BAD FAITH

To determine whether a bankruptcy case has been filed in bad faith, the standards are the same whether the case is a Chapter 7, Chapter 11, or Chapter 13. *In re Mitchell*, 357 B.R. 142, 153-154. Those standards are:

> "(1) whether the debtor has a likelihood of sufficient future income to fund a Chapter 11, 12, or 13 plan which would pay a substantial portion of the unsecured claims; (2) whether the debtor's petition was filed as a consequence of illness, disability, unemployment, or some other calamity; (3) whether the schedules suggest the debtor obtained cash advancements and consumer goods on credit exceeding his or her ability to repay them; (4) whether the debtor's proposed family budget is excessive or extravagant; (5) whether the debtor's statement of income and expenses is misrepresentative of the debtor's financial condition; (6) whether the debtor has engaged in eve-of-bankruptcy purchases; (7) whether the debtor has a history of bankruptcy petition filings and case dismissals; (8) whether the debtor intended to invoke the automatic stay for improper purposes, such as for the sole objective of defeating state court litigation; and (9) whether egregious behavior is present. See *Price*, 353 F.3d at 1139-1140; *Leavitt*, 171 F.3d at 1224; *Marshall*, 298 B.R. at 681.

*Mitchell* at 156. Additionally, If "it smells like bad faith, it's got to be bad faith." See *In re Better Care, Ltd.* (Bankr. N.D. Ill. 1989) 97 BR 405, 409.If "it smells like bad faith, it's got to be bad faith." See *In re Better Care, Ltd.* (Bankr. N.D. Ill. 1989) 97 BR 405, 409. Moreover, this case was filed in bad faith in that it was filed on the eve of foreclosure without Schedules after Debtor entered a settlement agreeing to foreclosure. Further, Debtor only three months ago completed a bankruptcy wherein the Property was surrendered.

Objection– Page 2

With regard to the Chapter 13 Plan, Debtor is now proposing an infeasible plan. Debtor's proposal of a modification is disingenuous. He knows that he does not qualify for a modification because he does not have sufficient income, but he is still proposing a plan with a modification. In response to the Motion for Relief where this issue was raised, Debtor argues that he scheduled the time for the modification in the Plan far enough out to have sufficient income. However, future income is unknown. A Plan scheduled for confirmation in the present must be based upon income in the present.

Also, he is making this proposal after having already agreed to foreclosure. Debtor entered into an agreement at mediation, that needed to be reduced to writing. When it was reduced to writing, Debtor balked. He has violated the agreement by suggesting something other than a surrender and by filing the bankruptcy case.

Because a modification is not an option, the only treatment that Debtor can propose is to cure the arrears. However, he does not have sufficient income for a plan payment where the arrears are cured. Pursuant to 11 U.S.C. §362(d)(4), the case was filed in bad faith, and the Motion for Relief should be granted.

Debtor cannot propose a confirmable plan because it does not meet the totality of the circumstances test. To determine whether a plan is proposed in good faith, the Court should look at the totality of the circumstances which is determined by:

> 1) the amount of proposed plan payments vs. the amount of debtor's surplus;
> 2) debtor's employment history, ability to earn, and likelihood of future increases in income;
> 3) probable or expected plan duration;
> 4) accuracy of the plan's statements of debts, expenses and percentage of repayment of unsecured debt, and whether any inaccuracies therein are an attempt to mislead the court;
> 5) extent of preferential treatment between classes of creditors;
> 6) type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7;
> 7) existence of special circumstances;
> 8) frequency with which the debtor has sought relief under the Code;
> 9) debtor's motivation and sincerity in seeking Chapter 13 relief; and
> 10) burden the plan's administration would place upon the Chapter 13 trustee.

See *In re Warren* (9th Cir. BAP 1988) 89 BR 87, 93.

///

Objection– Page 3

In this matter, Debtor cannot meet the totality of the circumstances. The proposed plan treatment call for a modification for which Debtor knows he cannot qualify. Further, Debtor has already agreed to a surrender and foreclosure. Even if the plan provided for the arrears to be cured, Debtor cannot afford to do so. The default is too large.

With regard to the second factor, it is unclear whether Debtor will have future wage increases. All parties are hopeful that he does. But, a plan cannot be proposed on hopeful income. Moreover, the plan provides for repayment of arrears to Debtor's HOA despite the fact that he received a discharge in another Chapter 13 case just a few months ago in which HOA arrears were purportedly cured. If those arrears were cured, Debtor has again defaulted to the HOA which shows that Debtor does not have sufficient income to pay his creditors much less pay a plan payment. Further, Debtor finished his last bankruptcy a matter of months ago. He should not again need the assistance of the Bankruptcy Court.

A debtor's chapter 13 plan must be proposed in good faith and not by any means forbidden by law. 11 U.S.C. § 1325(a)(3). As explained in the sections below, Secured Creditor asserts that Debtor's plan is forbidden by law and, to the extent that Debtor or his attorney is aware of these provisions of the bankruptcy code and case law presented, was not proposed in good faith. For a court to confirm a plan, each of the requirements of section 1325 must be present and the debtor has the burden of proving that each element has been met. *In re Chinichian,* 784 F.2d 1440, 1443-1444 (9th Cir. Cal. 1986). Debtor has not met this burden and is currently in violation of several provisions of 11 U.S.C. § 1325. Therefore, Secured Creditor asserts that Debtor's plan has not been proposed in good faith and should not be confirmed.

////

////

Objection– Page 4

The Law Offices of Michelle Ghidotti
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tele: 949-427-2010

Case 18-43364-MJH    Doc 19    Filed 11/28/18    Ent. 11/28/18 13:42:00    Pg. 4 of 10

**B. DEBTOR'S PROPOSED CHAPTER 13 PLAN VIOLATES PROVISIONS OF THE FEDERAL BANKRUPTCY CODE AND 9TH CIRCUIT CASE LAW, AND THEREFORE SHOULD NOT BE CONFIRMED - DEBTOR IS REQUIRED TO MAKE EQUAL MONTHLY PAYMENTS TOWARDS THE SECURED CLAIM AMOUNT FOR THE FULL DURATION OF THE PLAN**

The Ninth Circuit has determined that, "a Debtor may *not* use Section 506 in combination with Section 1322(b)(5) to reduce the secured claim and repay it over a period longer then the plan term." *In re Enewally*, 368 F.3d 1165, 1171 (9th Cir. 2004). In *Enewally*, a Chapter 13 Debtor filed an adversary complaint seeking a judgment to reduce the balance of Lender's secured claim and extend the terms of repayment beyond the life of the plan, while disposing of the unsecured balance through their confirmed Chapter 13 plan. The bankruptcy court granted summary judgment in favor of the Debtors thereby allowing the bifurcated loan to be paid over a term in excess of five years. The Creditor appealed this decision to the district court which reversed the bankruptcy court's decision. In response, Debtor's filed an appeal to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit held:

"(1) Section 1322(b)(2) by itself does not permit the debtors to repay the secured claim over a period longer then the plan term; (2) a chapter 13 debtor may not invoke both a modification for a secured creditor's claim under Section 1322(b)(2) and the right to "cure and maintain" beyond the plan term as authorized under Section 1322(b)(5); and (3) a modification of secured debt under Chapter 13 must be accomplished in a manner consistent with Section 1322(b)(2). Therefore, a debtor may not use Section 506(a) in combination with Section 1322(b)(5) to reduce the secured claim and repay it over a period longer than the plan term."

Thus, the Ninth Circuit has clearly and unambiguously determined that a Chapter 13 Debtor who proposes to modify a loan under Section 506(a) must propose a plan that pays the full amount of the modified loan over the life of the plan, and the plan may not exceed five (5) years.

Furthermore, the Debtor must cure the arrears of the lien in equal installments over the life of the plan, and not, as Debtor proposes, hopefully eliminate the default in two years after an attempt to modify the loan. 11 U.S.C. 1325(a)(5)(B) "requires bankruptcy courts to ensure

Objection– Page 5

The Law Offices of Michelle Ghidotti
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tele: 949-427-2010

that the property to be distributed to a particular secured creditor over the life of a bankruptcy plan has a total "value, as of the effective date of the plan," that equals or exceeds the value of the creditor's allowed secured claim." *Till v. SCS Credit Corp.,* 541 U.S. 465, 474 (U.S. 2004). Debtor's Plan offers minimal payments to Secured Creditor, and therefore, would also not be in compliance with this requirement. Even more to the point, 11 U.S.C. 1325(a)(5)(B)(iii)(I) states, "property to be distributed pursuant to this subjection is in the form of periodic payments, such payments shall be in equal monthly amount."

The Plan provides that Debtor will modify the loan on the subject property. He has given himself 2 years to complete the modification. As a result, the default will only be reduced by $4,800.00. This is a drop in the hat in comparison to the amount owed. Further, Debtor has not provided for a contingency plan in the event that he does not qualify for a modification which he most likely will not because the net present value calculation will still not be in his favor with only $4,800.00 reduced in the default. Thus, the Plan is not feasible and cannot be confirmed.

### C. <u>THE PLAN IS NOT CONFIRMABLE BECAUSE IT IS SPECULATIVE</u>

Debtor proposes to pay the full secured claim to Secured Creditor by modifying the loan within 2 years. Secured Creditor objects to this provision as it is too speculative and is not allowed under the Bankruptcy Code and current case law. First, it is not allowed for all the reasons stated above related to required equal monthly payments towards the secured claim value. Second, it is too speculative to just state in a plan that the Debtor will try to modify the loan in order to pay the secured claim.

Secured Creditor objects to this treatment as speculative and prejudicial. Debtor may not premise the cure of Secured Creditor's arrears on a speculative event in the future such as a modification. Courts have long held that a plan should be not be confirmed where it is proposing a balloon payment or otherwise is contingent on a speculative event to take place in during the life of the plan. See *In Re Gavia* (9th Cir. BAP 1982) 24 BR 573,574; *In Re Nantz* (BC ED MO 1987) 75 BR 617, 618-619; *In Re Fantasia* (1st Cir. BAP 1997) 211 BR 420,424; *In Re Craig* (BC ND OH 1990) 112 BR 224,225.

The Law Offices of Michelle Ghidotti
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tele: 949-427-2010

Moreover, the Plan does not address what the Debtor proposes to do if he is unable to obtain the modification. The default will still be very large and he will have even less time in which to cure if. This provision puts the feasibility of the entire Plan in question since it is contingent upon a speculative event. Therefore, the Plan is not feasible.

**D. A BALLOON PAYMENT UNDER THESE CIRCUMSTANCES IS NOT PERMITTED**

While courts have confirmed plans with balloon payments, they have not done so on terms so favorable to the debtor. *In re James Wilson Associates*, 965 F.2d 160 (7th Cir. 1992), *In re Boulders on the River, Inc.*, 164 B.R. 99 (9th Cir. BAP 1994), and *In re Industry West Commerce Center LLC* (Case No. 10-10088; 9th Circ. BAP May 24, 2011). A modification in 2 years is akin to a balloon payment at some point in the future. With the modification like a balloon payment, Secured Creditor bears all of the risk rather than Debtor. Secured Creditor endures regular payment with minimalistic cure payments while waiting two years for Debtor to try to modify the lien. In two yeasr, every factor used to consider a borrower for a modification such as income and value is unknown. Values may be up, or they could drop dramatically as they did in 2008-2013. Also, Debtor's income may be up or could drop dramatically because of another change in the economy. Therefore, the Plan cannot be confirmed.

**E. IMPERMISSIBLY MODIFIES SECURED CREDITOR'S RIGHTS**

Without waiving the arguments above, Secured Creditor contends under 11 U.S.C. §1322(b)(2), a Plan that modifies the rights of a creditor whose claim is secured only by a security interest in real property that is debtor's principal residence is impermissible. The proposed Plan does not set forth a reasonable schedule and time period for the payment of the arrearages owed to Secured Creditor. The payoff period and monthly repayment amount proposed by the Debtor exceed a reasonable arrangement in light of Debtor's past non-payment history. Debtor does not propose to cure the default owed to Secured Creditor via plan payments. However, if Debtor does not surrender the subject property as previously agreed, he must cure the arrears. To cure

Objection– Page 7

The Law Offices of Michelle Ghidotti
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tele: 949-427-2010

Case 18-43364-MJH    Doc 19    Filed 11/28/18    Ent. 11/28/18 13:42:00    Pg. 7 of 10

the pre-petition arrearages of $124,893.65 over the term of the Plan within 60 months, Secured Creditor must receive a minimum payment of $2,081.56 per month from the Debtor through the Plan. Debtor's Plan provides for payments to the Trustee in the amount of $2,323.52 when the monthly payments are included per month for 60 months. Debtor has not provided sufficient funds to cure the arrears over the term of the Plan within 60 months. Therefore, the Plan is not feasible.

**F. THE PLAN IS NOT FEASIBLE – DEBTOR DOES NOT HAVE SUFFICIENT INCOME**

Pursuant to Schedules I and J, Debtor has net income of $2,491.00. This is sufficient for the current plan payment. However, if Debtor amends the plan as he should to accommodate the objections discussed above, Debtor does not have sufficient net income to increase the plan payment to cure the arrears owed to Secured Creditor. Thus, Debtor does not have sufficient net income for a Chapter 13 Plan, and the case should be dismissed under these circumstances.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

Objection– Page 8

## <u>CONCLUSION</u>

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtor be denied.

WHEREFORE, Secured Creditor prays as follows:

1.      That confirmation of the Proposed Chapter 13 Plan be denied,

2.      For attorneys' fees and costs herein, and

3.      For such other relief as this Court deems proper.


Dated: November 28, 2018                Respectfully Submitted,

                                        THE LAW OFFICES OF MICHELLE GHIDOTTI

                                        /s/ Kristin A. Zilberstein
                                        Kristin A. Zilberstein, Esq. WSBA #47798
                                        Counsel for Wilmington Savings Fund Society, FSB,
                                        d/b/a Christiana Trust as Owner Trustee of the Residential
                                        Credit Opportunities Trust V, its successors and/or
                                        assignees

The Law Offices of Michelle Ghidotti
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tele: 949-427-2010

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON, TACOMA

| | |
|---|---|
| In re: | ) CHAPTER 13 BANKRUPTCY |
| | ) |
| James Michael Greiner, | ) CASE NO.: 18-43364-MJH |
| | ) |
| | ) CERTIFICATE OF SERVICE |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| | ) |

I, Krystle Miller, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business is 1920 Old Tustin Ave., Santa Ana, CA 92705.

On *November 28, 2018* I served the foregoing document(s) described as;

- **Objection to Chapter 13 plan**

The above listed document(s) were served on the interested parties in this action as follows;

## *via US Mail:*

Debtor
James Michael Greiner
13506 215th Ave E
Bonney Lake, WA 98391

Debtor's Counsel
Travis A. Gagnier
Law Offices of Travis Gagnier, Inc., PS
33507 9th Ave S Bldg F
PO Box 3949
Federal Way, WA 98063-3949

Trustee
Michael G. Malaier
1551 Broadway, Ste 600
Tacoma, WA 98402

US Trustee
United States Trustee
700 Stewart St Ste 5103
Seattle, WA 98101

///
///
Dated: November 28, 2018

/s/Krystle Miller
Krystle Miller
Certificate of Service
Page 1

LAW OFFICES OF MICHELLE GHIDOTTI
MICHELLE R. GHIDOTTI-GONSALVES
1920 OLD TUSTIN AVE
SANTA ANA, CA 92705
TELEPHONE (949) 427-2010